**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russ Manske,<br><br>        Plaintiff,<br><br>v.<br><br>Robert Jerome Tyler, et al.,<br><br>        Defendants. | No. CV-21-00822-PHX-MTL<br><br>**ORDER**<br><br>**NOT FOR PUBLICATION** |

Before the Court is Defendant Jeffery Mossor's Motion to Dismiss the Cross-Claims (the "Motion") filed against him by Boat Rentals of America, Inc. (Doc. 33.) Neither party has requested oral argument. The Motion will be granted.

1. The first claim is for contractual indemnity. Boat Rentals argues that the rental contract requires Mossor to assume the defense of and indemnify it for any loss because of the boating accident. (Doc. 6 at 13 ¶¶ 13, 14.) But the indemnity provision applies only to claims asserted against Boat Rentals by the renter's (i.e., Mossor's) "invitees or guests." (*Id.* ¶ 11.) Contractual terms should be afforded their "plain and ordinary meaning." *Terrell v. Torres*, 248 Ariz. 47, 50 (2020), *as amended* (Feb. 21, 2020) (quoting *First Am. Title Ins. Co. v. Johnson Bank*, 239 Ariz. 348, 350 (2016)). Courts must give effect to the terms as written. *MT Builders, L.L.C. v. Fisher Roofing, Inc.*, 219 Ariz. 297, 302 (App. 2008). Here, Boat Rentals seeks an overly expansive reading of the indemnity provision to include third parties beyond the renter's "invitees or guests." Mr. Manske was neither. The indemnity provision does not apply.

2. Boat Rentals' next cross-claim seeks common law equitable indemnity for any potential liability. The Motion argues that, because the rental contract contained an express indemnity provision, the scope of indemnity is limited to the parties' agreement. "It is well established that where 'there is an express indemnity contract, the extent of the duty to indemnify must be determined from the contract, and not by reliance on implied indemnity principles.'" *Homeland Ins. Co. of N.Y. v. Sw. Real Est. Purchasing Grp. Inc.*, 2012 WL 6050616, at *3 (D. Ariz. Dec. 5, 2012) (quoting *INA Ins. Co. v. Valley Forge Ins. Co.*, 150 Ariz. 248, 252 (App. 1986)). Here, the indemnity provision in the rental agreement controls, and Boat Rentals' common law indemnity claim fails.

3. The common law contribution claim asserted by Boat Rentals is barred under Arizona's Uniform Contribution Among Tortfeasors Act. Except for certain situations not applicable here, Arizona Revised Statutes § 12-2506 abolishes joint and several liability in personal injury actions. A.R.S. § 12-2506(A) ("In an action for personal injury, property damage, or wrongful death, the liability of each defendant for damages is several only and is not joint, except as otherwise provided in this section."); *Id*. § 12-2506(D) (exceptions include the defendants "acting in concert", an agent or servant relationship, or a duty under the Federal Employers' Liability Act). Consistent with this statutory policy, the jury in this case would be instructed to apportion fault. *Id*. § 12-2506(A), (B) & (C). Each defendant would be apportioned their share of the damages. *Id.* § 12-2506(A). Moreover, the plaintiff would be assigned a share, if any, along with any settling defendants and non-parties at fault. *Id*. § 12-2506(B).

Accordingly, **IT IS ORDERED granting** the Motion to Dismiss Boat Rentals of America, Inc.'s Cross-Claims against Jeffrey Mossor. (Doc. 33.) The cross-claims are dismissed with prejudice.

Dated this 26th day of October, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge