**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russ Manske, | No. CV-21-00822-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Robert Jerome Tyler, et al., | |
| Defendants. | |

**I.**

This case arises from a boating accident at Lake Pleasant in Peoria, Arizona. As alleged in the Complaint, the Plaintiff, Russ Manske, was a passenger on a boat that was struck by another boat operated by Defendant Robert Tyler. (Doc. 1 ¶¶ 13, 18.) Defendants Boat Rentals of America, Inc. and Pleasant Harbor Boat Rental, LLC. co-owned Mr. Tyler's boat. (*Id*. ¶ 14-17.) The Complaint further alleges that Mr. Tyler rented the boat from Boat Rentals of America. (*Id*. ¶ 14.) The Complaint asserts Arizona state law claims for negligence, negligence *per se*, and *res ipsa loquitor* against Tyler, Boat Rentals of America, and Pleasant Harbor Boat Rental, LLC.

During discovery, Boat Rentals of America served a set of requests for admission on Mr. Manske.

**REQUEST FOR ADMISSION NO. 1**

Admit that Defendant was not negligent in relation to the INCIDENT.

**REQUEST FOR ADMISSION NO. 2**

Admit that Defendant did not owe YOU a duty of care in relation to the INCIDENT.

**REQUEST FOR ADMISSION NO. 3**

Admit that Defendant did not breach any duty to YOU in relation to YOUR alleged injuries.

**REQUEST FOR ADMISSION NO. 4**

Admit that no action by Defendant caused YOUR alleged injuries.

**REQUEST FOR ADMISSION NO. 5**

Admit that no omission by Defendant caused YOUR injuries.

**REQUEST FOR ADMISSION NO. 6**

Admit that Defendant did not violate any statute in relation to the INCIDENT.

**REQUEST FOR ADMISSION NO. 7**

Admit that Defendant did not violate any ordinance in relation to the INCIDENT.

**REQUEST FOR ADMISSION NO. 8**

Admit that Defendant did not violate any regulation in relation to the INCIDENT.

(Doc. 59-2 at 3-4.)

Mr. Manske did not respond to the requests for admission. Well over 30 days has passed. Boat Rentals of America now moves for summary judgement against him on all claims, arguing that his failure to respond deems these matters admissions, precluding Mr. Manske from relief.

**II.**

Rule 36(a)(1), Fed. R. Civ. P., states that a party may propound requests for

admissions within the scope of discoverable material "relating to . . . facts, the application of law to fact, or opinions about either . . . ." The responding party's failure to answer or object within 30 days after service deems the matter admitted. Fed. R. Civ. P. 36(a)(3).

"Requests for admission may relate to the application of law to fact. Such requests should not be confused with pure requests for opinions of law, which are not contemplated by the rule. Nor are requests seeking legal conclusions appropriate when proceeding under Rule 36." *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 105 F. Supp. 3d 1184, 1196 (D. Or. 2015) (quoting 7 *Moore's Federal Practice* § 36.10[8] at 36-26 (3d ed. 2008) (footnotes omitted)); *accord Davis v. Buckley*, 4:12-CV-78-TUC-JR, 2013 WL 12114581, at *2 (D. Ariz. June 11, 2013) ("Requests for admission are intended to aid a party in establishing certain material facts and cannot be used to solicit admissions or denials as to legal conclusions.") (quotation omitted).

In other contexts, it has been observed that "the distinction between the application of law to fact and a legal conclusion is not always easy to draw." *Benson Tower Condo. Owners Ass'n*, 105 F. Supp. 3d at 1196 (quotation omitted). But the requests for admission presented here are not analytically challenging. The Court easily concludes that they call for naked admissions of law. No effort has been made to relate any facts specific to this case to the legal concepts at the center of each request for admission. They simply ask Mr. Manske to admit, for example, "that Defendant was not negligent in relation to the INCIDENT." This formula is repeated 7 more times, each calling for a different conclusion relating to the legal concepts of duty, breach, causation, and damages. *See Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 105 F. Supp. 3d at 1198 ("Although Plaintiff has nominally tied its RFAs to the facts of the case, the request remains a legal conclusion: whether or not the Victaulic products are defective under Oregon law.").

These requests for admission are improper under Rule 36(a)(1)(A). Mr. Manske's failure to respond to them does not convert the requests into admissions.

. . . .

. . . .

**III.**

The premise behind Boat Rentals of America's Motion for Summary Judgment is manifestly erroneous. The Court will therefore decide the motion prior to the filing of a responsive brief and without oral argument, as neither would aid the decisional process.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Doc. 59) is **DENIED**.

**IT IS FURTHER ORDERED** affirming this Court's prior order that "[n]o party or parties represented by at least one of the same counsel shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of the Court." (Doc. 57 ¶ 6.b.)

Dated this 13th day of January, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge